**Bobby D. CANNON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–95–0309–CR.**

Court of Appeals of Texas,
Amarillo.

May 29, 1996.

Rehearing Overruled July 1, 1996.

---

Chappell & Lanehart, P.C., Chuck Lanehart, Lubbock, for appellant.

Lubbock County Criminal District Attorney, William C. Sowder, Michael West, Office of the City Prosecutor, Daniel T. Saluri, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

QUINN, Justice.

Bobby D. Cannon (appellant) appeals his conviction for violating a city zoning ordinance. The conviction was initially appealed to and affirmed by the County Court at Law Number One, Lubbock County. In three points of error, Cannon asks whether the trial court erred in permitting the city to amend the charging instrument during trial, in holding the purported amendment harmless, and in refusing to address whether the purported amendment vitiated the complaint. We affirm.

### Background

Via ticket number 91–112876, the City of Lubbock cited Cannon for, among other things, operating a business in an area zoned residential without first obtaining a variance. To pursue the infraction in the local municipal court, the city prosecutor drafted a complaint describing the alleged criminal activity. *See Tex.Code Crim.Proc.Ann.* art. 45.01 (Vernon Supp.1996) (stating that proceedings in a municipal court shall be commenced by complaint). Corina Ramos then signed the document as affiant. Thereafter, it was taken to the municipal court clerk and filed on June 6, 1994.

Within days, someone noticed a discrepancy in the document. The date of the offense mentioned therein was inaccurate. It read November 5, 1992, when it should have read November 5, 1991. To correct this, another complaint, identical to the first save for the change in date, was drafted. And, once again, Ms. Ramos signed it as affiant before being filed on June 8, 1994.

Several months later, the matter was called for trial. After the court disposed of various pretrial motions, the prospective jurors were seated for voir dire. As the prosecutor began reading the complaint to the veniremen, he realized that he had the June 6th, as opposed to the June 8th, document in hand, mentioned the situation to the judge, and asked for leave to correct the year mentioned therein from 1992 to 1991. Appellant

objected, contended that this constituted a trial amendment, and suggested that he was entitled to a ten day continuance. The trial court disagreed, permitted the prosecution to correct the error, and proceeded.

The jury eventually found appellant guilty, and judgment was entered upon that verdict. Dissatisfied, appellant appealed to the County Court at Law Number One. There, he asserted for the first time that the purported trial amendment vitiated the complaint; thus, the prosecution had to be dismissed. The reviewing court disagreed, held the alleged error harmless, and affirmed.

### Discussion of the Law

As previously mentioned, criminal proceedings held in the municipal court must be commenced by sworn complaint. *Tex. Code Crim.Proc.Ann.* art. 45.01; *Tex.Gov. Code Ann.* 30.009(a) (Vernon 1988). Furthermore, the defendant is entitled to at least one day's notice of the complaint prior to trial. *Tex.Code Crim.Proc.Ann.* art. 45.04, Sec. 3 (Vernon 1981). Appellant does not contend here that the court erred in refusing to grant him the day's prior notice. Rather, his arguments liken to those raised before the county court at law, that is, that the correction constituted a trial amendment which vitiated the complaint.

Normally, attempt to materially amend a complaint does vitiate the charging instrument. *Wynn v. State,* 864 S.W.2d 539, 540 (Tex.Crim.App.1993); *Blackman v. State,* 156 Tex.Crim. 288, 242 S.W.2d 441, 441 (1951); *Givens v. State,* 155 Tex.Crim. 409, 235 S.W.2d 899, 900 (1951). This is so because "a complaint or affidavit which is ... changed is no longer the [complaint or] affidavit of the affiant thereto and ... is not the sworn accusation of anyone." *Givens v. State,* 235 S.W.2d at 900. In other words, the affiant attests to specific allegations. Should those allegations later be changed in a material way, then it cannot be said that the affiant swore to them. This seems quite logical since the affiant cannot swear to allegations nonexistent at the time of his oath.

Yet, when the change is made under oath the concerns expressed in *Givens,*

*Blackman,* and *Wynn* vanish. The Court of Criminal Appeals recognized as much in *Phariss v. State,* 136 Tex.Crim. 504, 126 S.W.2d 981 (1939). There, it said that the affiant himself is precluded from making any change " '*without being sworn anew* as to the amended statement.' " *Phariss v. State,* 136 Tex.Crim. 504, 126 S.W.2d 981, 981 (1939) (emphasis added). We read this to mean that if the complaint is "sworn anew" then the amendment and charging instrument is lawful and enforceable.

Here, Ms. Ramos swore to the contents of the June 8th complaint anew. In doing so, she granted it with that imprimatur found lacking in the cases cited above, that is, she gave it the status of a sworn complaint. Thus, the document remained a viable charging instrument since its contents were verified. Furthermore, in securing permission to correct the June 6th instrument at trial, the prosecutor simply conformed the document held in hand with that on file for some time.

The county court at law, in its opinion, astutely summarized the "real issue" as whether "the [p]rosecutor is required to have the actual amended complaint *in hand* when reading the complaint in open court." (Emphasis in original). Put another way, is a criminal defendant entitled to release simply because his prosecutor brought the wrong charging instrument to court? We answer "no" when the right one has been lawfully amended, under oath, and filed months earlier.

There was no error. There was no vitiated complaint. There was, and is, no basis to reverse. Accordingly, we overrule the three points of error and affirm the judgment.