# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00054-CV

**Elizabeth Kobza, Appellant**

**v.**

**Gladys Kutac, as Mother and Next Friend of Aaron Kutac;
and Michelle Beyer, Appellees**

## FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
## NO. 2001V-055, HONORABLE DAN R. BECK, JUDGE PRESIDING

## O P I N I O N

This is an interlocutory appeal from the denial of a motion for summary judgment filed by Elizabeth Kobza based on her claim that she is entitled to official immunity under section 22.051 of the education code. *See* Tex. Educ. Code Ann. § 22.051 (West 1996). We will reverse and render judgment in Ms. Kobza's favor.

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to consider this interlocutory appeal under section 51.014(a)(5) of the civil practices and remedies code, which allows an interlocutory appeal from the denial of a motion for summary judgment based on an assertion of official immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (West Supp. 2003).

The same standard of review that governs the granting of a summary judgment applies to the denial of a summary judgment. *San Antonio Express News v. Dracos*, 922 S.W.2d 242, 247 (Tex. App.—San Antonio 1996, no writ). We will uphold a summary judgment only if the record establishes that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law on a ground set forth in the motion. *See* Tex. R. Civ. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant who conclusively establishes all the elements of an affirmative defense is entitled to summary judgment. *Cathey*, 900 S.W.2d at 341.

## BACKGROUND

Ms. Kobza was a teacher at Schulenburg High School, teaching word processing, computer classes, business law, and accounting. Aaron Kutac was a student in one of Ms. Kobza's classes during the 1999-2000 school year. In February 2000, Aaron was participating in a stock show in Houston where he met a teenage girl who was also a participant. He became infatuated with the girl. The girl's father saw Aaron looking at her and asked Aaron to keep his eyes off his daughter. This event was eventually retold to Ms. Kobza.

When Ms. Kobza saw Aaron a few days later, she told him that she heard what happened in Houston. When he asked her how she heard, she jokingly replied that she saw it on the news. For the next couple of weeks, when Ms. Kobza saw Aaron she would jokingly call him a "stalker" and he would laugh. Subsequently, Ms. Kobza and another teacher, Ms. Beyer, discussed the possibility of creating a gag newspaper article.

2

Ms. Beyer created the fake newspaper article and Ms. Kobza told another student they were playing a joke on Aaron and asked the student to take the article to Aaron. The fake article read as follows:

SCHULENBURG FFA STUDENT CAUGHT STALKING

A member of the Schulenburg High School Future Farmers of America was caught stalking other participants at the Houston Livestock Show and Rodeo. The young man was asked to stop following and harassing the young ladies. A formal investigation and charges are pending.

The student gave the article to Aaron and said, "Here, you made the paper." Aaron believed the article was authentic and became upset. He showed the article to his mother, who contacted the police to determine if the contents of the article were true. She then took the matter up with Ms. Kobza, who informed her that the article was just a joke. In response, Ms. Kutac filed suit as mother and next friend of Aaron Kutac ("Kutac"), claiming negligent infliction of emotional distress, intentional infliction of emotional distress, slander, slander per se, negligence, negligence per se, and libel. Additionally, Ms. Kutac filed a complaint with the State Board of Teacher Certification. In this suit, Ms. Kobza filed a motion for summary judgment based on official immunity under section 22.051 of the education code. Her motion was denied. She now appeals by one issue, claiming that the trial court erred in denying her motion because she is entitled to immunity under this statute. *See* Tex. Educ. Code Ann. § 22.051.

3

## DISCUSSION

In her motion for summary judgment, Ms. Kobza relied on section 22.051 of the education code. Section 22.051 provides:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.[1]

Tex. Educ. Code Ann. § 22.051(a). Therefore, Ms. Kobza is entitled to summary judgment if she conclusively proves all essential elements of section 22.051: (1) that she was a professional employee (which Kutac does not dispute); (2) that her actions were incident to or within the scope of her duties; (3) that her actions involved the exercise of judgment or discretion; and (4) that her actions did not fall within the stated exceptions (which neither party asserts).

Kutac argues that Ms. Kobza's act was: (1) outside the scope of her employment; (2) ministerial, not discretionary; and (3) not performed in good faith, in that a reasonably prudent official under the same or similar circumstances could not have believed that the official action was

---

[1] A "professional employee" includes: (1) a superintendent, principal, *teacher* . . . . Tex. Educ. Code Ann. § 22.051(c)(1) (West 1996) (emphasis added).

4

justified. Because there is no "good faith" element to section 22.051, we will only address Kutac's first two arguments.[2]

### *Within the scope of employment*

Whether one is acting within the scope of her employment depends on whether the general act from which the injury arose was in furtherance of the employer's business and the objective for which the employee was employed. *Chesshir v. Sharp*, 19 S.W.3d 502, 504-05 (Tex. App.—Amarillo 2000, no pet.) (citing *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972)). If this test is satisfied, neither the failure of the employer to expressly authorize the act nor the fact that it was performed negligently will strip the act of its protective shield. *Id.* at 505; *Williams v. Chatman*, 17 S.W.3d 694, 699 (Tex. App.—Amarillo 1999, pet. denied).

To support her defense under section 22.051, Ms. Kobza submitted an uncontroverted affidavit in which she asserted:

---

[2] Kutac argues both in her brief and at oral argument that "good faith" is an element of the immunity defense under the education code. A plain reading of the statute discloses no such element, nor does a review of the authority interpreting it. *See Deaver v. Bridges*, 47 S.W.3d 549 (Tex. App.—San Antonio 2000, no pet.); *Chesshir v. Sharp*, 19 S.W.3d 502 (Tex. App.—Amarillo 2000, no pet.); *Enriquez v. Khouri*, 13 S.W.3d 458, 464 (Tex. App.—El Paso 2000, no pet.); *Foster v. Estrada*, 974 S.W.2d 751 (Tex. App.—San Antonio 1998, pet denied). Kutac cites *City of Lancaster v. Chambers*, 883 S.W.2d 650 (Tex. 1994), in support of her contention that a good faith element should be read into section 22.051. However, *Chambers* involves official immunity under the common law, not statutory immunity under the education code, and is thus not on point. Likewise, in *Enriquez*, the court was faced with the same argument and held that good faith, or the lack thereof, is nowhere to be found in section 22.051 and refused to add a good faith requirement. 13 S.W.3d at 464.

5

One of the things teachers do to improve the learning environment at a school is attempt to make the school experience positive for the students by establishing rapport with and attempting to enhance the students' self-esteem by doing things that let the students know that the teacher has an interest in him or her as an individual. The intention of creating the gag article and giving it to Aaron was to make him laugh, build rapport with him, and make him feel good about himself and his school experience by sharing an inside joke with two of the school's faculty members. This is what I thought the joking and the kidding with Aaron would accomplish, and this is what I thought was being accomplished prior to learning that the article had upset him.

Kutac argues that summary judgment is improper because it is supported entirely and exclusively by Ms. Kobza's own affidavit and the affidavit states a factual and legal conclusion. However, an uncontroverted affidavit of an interested witness is proper if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. Tex. R. Civ. P. 166a(c).

We disagree with the assertion that Ms. Kobza's affidavit only states a legal and factual conclusion. Her affidavit goes further than simply stating that her actions were within the scope of her employment and involved the exercise of judgment and discretion. She discusses the scope of her duties and how her actions involving Aaron were an attempt to further the objectives she had as a teacher. We find her affidavit to be credible summary-judgment evidence. It is common knowledge that teachers interact with students on a continual basis to improve the learning environment by establishing rapport with the students. Often those interactions are on a personal level. Although these interactions are usually in a serious vein, they can include teasing and joking.

6

It is not in the interest of schools or students that teachers perform solely as detached teaching instruments, abstaining from all social interaction with the students.

Kutac next argues that, because Ms. Kobza's employer and the state board found that she violated its code of ethics, this conclusively establishes that she was acting outside the scope of her employment. We find this argument unpersuasive. There is no authority for the proposition that violation of a code of ethics establishes that one is acting outside the scope of her employment. *See Williams*, 17 S.W.3d at 699. In *Williams*, the court held that an employee's negligent performance of her duties does not prevent the acts from being within the scope of her duties. Further, in the context of school-employee immunity, a sister court held that even if a school principal's conduct were in violation of city ordinances or state law, that would not bar the application of his statutory immunity. *Pierson v. Houston Indep. Sch. Dist.*, 698 S.W.2d 377, 380-81 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

Section 22.051 provides immunity for an act that is *incident to* or within the scope of the employee's duties. It cannot be said that establishing rapport with students and engaging in banter with them is outside the scope of a teacher's duties. Clearly, establishing rapport with students enhances the learning environment, one of the objectives for which a teacher is employed. Although Ms. Kobza may have exercised poor judgment in this instance, we cannot say that she was acting outside the scope of her duties. Because we find that Ms. Kobza was acting within the scope of her duties, whether she discharged her duties negligently will not strip section 22.051 of its protective shield. *See Chesshir*, 19 S.W.3d at 505.

*Discretionary or ministerial act*

We next turn to whether the act complained of was discretionary or ministerial. Ministerial acts are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Downing v. Brown*, 935 S.W.2d 112, 114 (Tex. 1996) (quoting *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)). Ministerial actions require obedience to orders or the performance of a duty as to which the actor has no choice. *Id.* at 114. On the other hand, if an action involves personal deliberation, decision, and judgment, it is discretionary. *Id.* In other words, if the actor is entitled to personally deliberate about the manner or means of performance and invoke her own judgment, then the act is discretionary. *Id.*

Kutac argues that Ms. Kobza's act violated three separate departmental policies: (1) the educator shall not intentionally expose the student to disparagement; (2) the educator shall make reasonable effort to protect the student from conditions detrimental to learning, physical health, mental health, or safety; and (3) the educator shall not deliberately distort facts. Kutac claims that because Ms. Kobza's act violated three departmental policies, it was ministerial.

Ms. Kobza claims that the acts complained of in this case were an attempt to further the school's learning environment by creating rapport with a student by sharing an inside joke with two of the school's faculty members. Clearly, Ms. Kobza used poor judgment and the joke backfired. However, there is not a prescription or definition of exactly what a teacher must do to establish rapport with a student. It is left to the individual teacher's discretion. The fact that she violated several ethical policies is not dispositive. The policies involved do not contain any language

8

specific to the act complained of here. There are certain rules prohibiting certain types of conduct with students, such as those concerning the administration of corporal punishment or involvement in sexual relations. However, Ms. Kobza has not been accused of crossing the bright line of clearly prohibited conduct. She has been accused of creating a fake article and causing a student distress because he did not immediately recognize or understand it was a joke. There is no specific rule that proscribes this conduct. We hold the act involved in this case is a discretionary act.

## CONCLUSION

The fact that Ms. Kobza used poor judgment in dealing with a student and assessed the situation erroneously does not deprive her of immunity as a teacher. Section 22.051 was enacted for the purpose of protecting teachers from being held liable for actions that would otherwise be actionable. As long as the teacher's mistake involves the exercise of judgment or discretion, she is protected by the statute. A teacher who uses poor judgment is, nevertheless, acting in a way that involves the exercise of discretion. The improper action of Ms. Kobza is a matter to be dealt with by her employer and the state licensing agency. It is not a matter for the courts, as made clear by the legislature in section 22.051 of the Texas Education Code.

Ms. Kobza is entitled to summary judgment in this cause because she has conclusively proven as a matter of law that: (1) she was a professional employee; (2) her actions were incident to or within the scope of her duties; (3) her actions involved the exercise of judgment or discretion; and (4) her actions did not fall within the stated exceptions. Therefore, we reverse the

9

decision of the trial court and render judgment in favor of Ms. Kobza on the basis that she is immune from liability for the causes of action alleged by Kutac.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Rendered

Filed:   May 30, 2003