Affirmed in Part and Reversed and Remanded
in Part and Opinion filed May 20, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00139-CV



Adrian Robinson, Appellant 

v.

Dwight Brannon
and Lynetta Freeman a/k/a lenetta freeman, Appellees 



On Appeal from
the 80th District Court

Harris County, Texas

Trial Court
Cause No. 2007-07420



 

O P I N I O N 

In this employment dispute, appellant, Adrian
Robinson, appeals from a summary judgment in favor of appellees, Dwight Brannon
and Lynetta Freeman a/k/a Lenetta Freeman, on the grounds that: (1) appellees
were not immune from suit under the doctrine of professional immunity; (2)
Robinson was not required to exhaust administrative remedies; and (3) fact
issues were raised on Robinson’s tort claims.  Brannon and Freeman have also
brought a cross-appeal, arguing that the trial court erred in denying their
request for attorney’s fees—specifically under the Texas Education Code—after
summary judgment had been granted in their favor.  We affirm the trial court’s
order granting summary judgment in favor of Brannon and Freeman, reverse the
trial court’s order denying Brannon’s request for attorney’s fees, and remand
on the sole issue of Brannon’s reasonable and necessary attorney’s fees on his
professional immunity defense in accordance with this opinion.

I.  BACKGROUND

Robinson was employed by Alief Independent School
District (“AISD”) as a teacher during the 2004-2005 school year.  Robinson
contends that in the fall of 2004, he had a brief romantic relationship with
Freeman, a fellow AISD employee.  Robinson claims that after he ended the
relationship, Freeman and Brannon, an employee with AISD’s human resources
department, began a campaign against Robinson to tarnish his reputation as an
educator.  Specifically, Robinson contends that Freeman made harassing phone
calls and sent threatening text messages to him.   According to Robinson,
Freeman also conspired with his former girlfriend to make harassing phone calls
to him at his workplace.  

Robinson further claims that Brannon assisted in
carrying out the scheme of  harassment by conducting an improper personnel
investigation and placing Robinson on administrative leave for allegedly
receiving “preferential treatment” from his supervisor.  Robinson claims that while
he was on leave, an email was sent to other AISD employees indicating that
Robinson suffered from the AIDS virus and was maliciously attempting to spread
the disease.  The email also allegedly detailed Robinson’s sexual preferences
and habits.  Robinson claims that Brannon and Freeman’s campaign to harass and
embarrass him caused him to suffer a stress-related medical disorder and
ultimately forced him to resign from AISD.  Both Brannon and Freeman
subsequently resigned from AISD as well.

In February 2007, Robinson filed a lawsuit against
AISD, AISD’s superintendent Louis Stoerner, in his official capacity, and
Brannon and Freeman in their individual capacities.  Against AISD and Stoerner,
Robinson alleged denial of equal rights, freedom of speech, and due process
violations under article I, sections 3, 8, and 19 of the Texas Constitution. 
Against Brannon and Freeman, Robinson asserted the following tort claims:  (1)
civil conspiracy; (2) intentional infliction of emotional distress; (3)
tortious interference with prospective and existing business relationships; and
(4) invasion of privacy—public disclosure of private facts and intrusion upon
seclusion.

  All the defendants filed dispositive motions: AISD
and Stoerner filed a plea to the jurisdiction, and Brannon and Freeman filed a
motion for summary judgment.  AISD and Stoerner’s plea to the jurisdiction was
granted, and this Court affirmed the trial court’s grant of the plea.[1]  In Brannon
and Freeman’s summary judgment motion, they claimed that (1) they had
professional immunity from suit, (2) the trial court lacked jurisdiction
because Robinson had failed to exhaust his administrative remedies, and (3)
Robinson failed to produce evidence on each element of his tort claims.  The
trial court granted the summary judgment motion, concluding that Brannon and
Freeman had professional immunity and raised “other meritorious arguments” in
their motion for summary judgment.  After the motion for summary judgment was
granted, Brannon and Freeman moved for attorney’s fees pursuant to section
22.0517 of the Education Code.[2] 
The trial court denied the motion.  

Robinson now appeals the trial court’s summary
judgment in favor of Brannon and Freeman.  In three issues, Robinson contends
that: (1) Brannon and Freeman were not immune from suit under the doctrine of
professional immunity; (2) Robinson was not required to exhaust administrative
remedies; and (3) fact issues were raised on Robinson’s tort claims.  Brannon
and Freeman have filed a cross-appeal on the trial court’s order denying their
request for attorney’s fees.    

II.  SUMMARY JUDGMENT STANDARDS OF REVIEW

Brannon and Freeman moved for summary judgment on
both traditional and no-evidence grounds.  We review a trial court’s summary
judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005).  A defendant who seeks a traditional summary judgment
under rule 166a(c) must demonstrate that the plaintiff has no cause of action
as a matter of law.  Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215–16 (Tex. 2003); Cullins v. Foster, 171 S.W.3d 521,
530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  A traditional summary
judgment is proper when the defendant either negates at least one element of
each of the plaintiff’s theories of recovery or pleads and conclusively
establishes each element of an affirmative defense.  Sci. Spectrum,
Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Cullins, 171 S.W.3d
at 530.  When the defendant has carried its summary judgment burden, the burden
shifts to the nonmovant to raise a material fact issue precluding summary
judgment.  Virginia Indonesia Co. v. Harris County Appraisal Dist., 910
S.W.2d 905, 907 (Tex. 1995).  In reviewing a summary judgment, we take as true
all evidence favorable to the nonmovant, indulging every reasonable inference,
and we resolve any doubts in the nonmovant’s favor.  Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 549 (Tex. 1985).

Because a no-evidence summary judgment is essentially
a pretrial directed verdict, we apply the same legal sufficiency standard in
reviewing a no-evidence summary judgment as we apply in reviewing a directed
verdict.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex.
2003); Mathis v. Restoration Builders, Inc., 231 S.W.3d 47, 50 (Tex.
App.—Houston [14th Dist.] 2007, no pet.).  We sustain a no-evidence summary
judgment when (1) there is a complete absence of proof of a vital fact; (2)
rules of law or evidence bar the court from giving weight to the only evidence
offered to prove a vital fact; (3) the evidence offered to prove a vital fact
is no more than a scintilla; or (4) the evidence conclusively establishes the
opposite of a vital fact.  Chapman, 118 S.W.3d at 751; Walker v.
Thomasson Lumber Co., 203 S.W.3d 470, 474 (Tex. App.—Houston [14th Dist.]
2006, no pet.).  Less than a scintilla of evidence exists when the evidence
offered to prove a vital fact is so weak as to do no more than create a mere surmise
or suspicion of its existence, and in legal effect is no evidence.  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).  More than a
scintilla of evidence exists when the evidence rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions as to
the existence of the vital fact.  Id.  

III.  PROFESSIONAL IMMUNITY

In Robinson’s first issue, he contends that the trial
court erroneously granted summary judgment in favor of Brannon and Freeman on
the ground of professional immunity.   Section 22.0511 of the Education Code
provides in relevant part:

(a)  A professional employee of a school district is not
personally liable for any act that is incident to or within the scope of the
duties of the employee’s position of employment and that involves the exercise
of judgment or discretion on the part of the employee, except in circumstances
in which a professional employee uses excessive force in the discipline of
students or negligence resulting in bodily injury to students.

Tex. Educ. Code Ann. §
22.0511(a) (Vernon 2006).  Accordingly, immunity afforded by this statute
requires that the person asserting immunity establish that (1) he or she is a
professional employee of a school district, (2) he or she is acting incident to
or within the scope of duties, (3) the act involves the exercise of judgment or
discretion, and (4) the act does not fall within the stated statutory
exceptions.  See LeLeaux v. Hamshire-Fannett Indep. Sch. Dist., 835
S.W.2d 49, 52–53 (Tex. 1992); Kobza v. Kutac, 109 S.W.3d 89, 93 (Tex.
App.—Austin 2003, pet. denied); Enriquez v. Khouri, 13 S.W.3d 458, 461
(Tex. App.—El Paso 2000, no pet.); Williams v. Chatman, 17 S.W.3d 694,
697 (Tex. App.—Amarillo 1999, pet. denied).  Here, Robinson bases his challenge
on the second element:  Brannon and Freeman’s acts were outside the scope of
their employment and were done in bad faith.  

            Whether one is
acting within the scope of his or her employment depends upon whether the
general act from which the injury arose was in furtherance of the employer’s
business and for the accomplishment of the object for which the employee was
employed.  Leadon v. Kimbrough Bros. Lumber Co., 484 S.W.2d 567, 569
(Tex. 1972); Chesshir v. Sharp, 19 S.W.3d 502, 504–05 (Tex.
App.—Amarillo 2000, no pet.).  Should this test be satisfied, then neither (1)
the failure of the employer to expressly authorize the act, nor (2) the fact
that it was performed negligently, strip the act of its protective shield.  Kobza,
109 S.W.3d at 93; Chesshir, 19 S.W.3d at 505.  In other words, whether
an act occurs within the scope of employment is not conditioned upon whether
the employer expressly approved it.  Thus, the lack of prior approval does not
alone remove the act from the scope of employment.  

            With respect to
Brannon, Robinson contends that Brannon engaged in three acts outside the scope
of his employment: conducting the personnel investigation, placing Robinson on
administrative leave, and participating in the harassing email and phone
calls.  Robinson claims that the investigation and suspension were outside of
Brannon’s duties because:  (1) Brannon’s human resources duties were limited to
overseeing insurance benefits; (2) Brannon had never conducted an investigation
involving an allegation of preferential treatment; (3) there was no evidence
that Brannon was instructed to investigate Robinson; and (4) the administrative
suspension was against AISD policy. Contrary to Robinson’s contentions, the
summary judgment evidence conclusively establishes that Brannon’s acts of
investigating and placing Robinson on administrative leave was incident to or
within the scope of his duties as director of human resources and risk
management.  

            The summary
judgment evidence reflects that Brannon was the director of human resources and
risk management at AISD when he investigated an allegation that Robinson was
receiving preferential treatment from his supervisor.  Brannon testified at his
deposition that his human resources duties included conducting personnel
investigations involving various employee issues.  Brannon also participated in
pre-termination hearings and testified that he had investigated Robinson and
placed him on administrative leave in the capacity of director of human
resources.  We conclude that the summary judgment evidence conclusively
establishes that the acts of investigating and administratively suspending
Robinson were incident to or within the scope of Brannon’s duties as the
director of human resources.  Furthermore, because these acts were incident to
Brannon duties, the fact that he may not have followed AISD policy does not
affect the protective shield of professional immunity under the Education Code.[3]  See
Kobza, 109 S.W.3d at 93; Chesshir, 19 S.W.3d at 505.  Accordingly,
Brannon established that he was entitled to professional immunity with respect
to the acts of investigating Robinson for an allegation of employee
preferential treatment and placing Robinson on leave.

            Robinson also
claims that Brannon and Freeman actively participated in the harassing phone
calls, text messages, and defamatory email—acts not within the scope of their
employment.  While these particular acts of harassment were not within the
scope of Brannon’s employment as the director of human resources and risk
management and Freeman’s employment as a teacher, there is no evidence, as
discussed below, that either Brannon or Freeman was the source of or conspired
to send the email or make the harassing phone calls.  We sustain Robinson’s
first issue to the extent that Brannon and Freeman did not have professional
immunity from the alleged acts of electronic harassment—harassing phone calls,
threatening text messages, and defamatory email—but we overrule Robinson’s
first issue to the extent that Brannon had professional immunity regarding the
acts of investigating and suspending Robinson.  

IV.  NO SUMMARY JUDGMENT EVIDENCE TO SUPPORT TORT CLAIMS

            In Robinson’s
third issue, he contends that there were genuine issues of material fact on
each of his tort claims—public disclosure of private facts, intrusion upon
seclusion, civil conspiracy, and tortious interference with a contract.  A
plaintiff alleging public disclosure of private facts must show: that (1)
publicity was given to matters concerning his private life; (2) the publication
of such matter would be highly offensive to a reasonable person of ordinary
sensibilities; and (3) the matter publicized is not of legitimate public concern. 
            Indus. Found. of the S. v. Tex. Indus. Acc. Bd., 540 S.W.2d
668, 682–83 (Tex. 1976).  An unwarranted intrusion upon seclusion is proved by
showing that (1) an intentional intrusion, physical or otherwise, upon
another’s solitude, seclusion, or private affairs or concerns, (2)  the
intrusion would be highly offensive to a reasonable person, and (3)  the person
suffered an injury as a result of the intrusion.  Valenzuela v. Aquino,
853 S.W.2d 512, 513 (Tex. 1993). 

            The elements of
civil conspiracy are that (1) two or more persons, (2) with an object to be
accomplished, (3) with the meeting of minds on the object or course of action,
(4) commit one or more unlawful or overt acts, (5) and causes damage or
injury.  Operation Rescue-Nat’l v. Planned Parenthood, 975 S.W.2d 546,
553 (Tex. 1998).  The elements of tortious interference with a contract are (1)
existence of a contract subject to interference, (2) willful and intentional
interference, (3) interference that proximately caused damage, and (4) actual
damage or loss.  Powell Indus., Inc. v. Allen, 985 S.W.2d 455, 456 (Tex.
1998).

            Robinson claims
that summary judgment was not proper on his tort claims because he produced
evidence that Brannon and Freeman made or participated in the harassing phone
calls, threatening text messages, and defamatory email, all of which support
his tort causes of action.  However, contrary to Robinson’s claims, there is
less than a scintilla of evidence showing Brannon and Freeman had participated
in the alleged tortious acts of harassment purporting to support Robinson’s
tort claims.  Robinson testified during his deposition that he had no evidence
identifying the source of the defamatory email and believed that his former
girlfriend had made the harassing phone calls.  Robinson further testified that
he had no evidence that Brannon had been involved in the dissemination of the
email or making the harassing phone calls. Rather, Robinson testified he speculated
that Brannon had participated.  Moreover, Robinson testified that he believed
Freeman had participated in making the harassing phone calls because he saw her
making a phone call on the same day he received one of the harassing calls at
his workplace.   

There is no evidence—or less than a scintilla of
evidence—that Brannon or Freeman made the harassing communications about which
Robinson complains.  Robinson’s pleadings merely make an unsupported allegation
that Brannon and Freeman participated in the harassing email, phone calls, and
text messages.  Accordingly, the trial court properly granted summary judgment
in favor of Brannon and Robinson on Robinson’s tort claims.[4]  We
overrule Robinson’s third issue.      

V. CROSS-APPEAL: ATTORNEY’S FEES 

In Brannon and Freeman’s sole issue on cross-appeal,
they challenge the trial court’s denial of their request for attorney’s fees
under civil procedure rules 131 and 141 and section 22.0517 of the Education
Code.  See Tex. R. Civ. P. 131, 141; Tex. Educ. Code Ann. § 22.0517. 
Brannon and Freeman contend that once summary judgment was granted in their
favor, they were entitled to attorney’s fees under these three particular
provisions.  In part, we agree.

Because Brannon and Freeman did not seek attorney’s
fees under civil procedure rules 131 and 141 in the trial court, they have waived
recovery on these bases.  See Tex. R. App. P. 33.1(a).  They did,
however, seek attorney’s fees under section 22.0517 of the Education Code.  The
trial court denied their request for section 22.0517 attorney’s fees,
indicating that they had “no pleadings.”  Robinson’s argument on appeal replicates
the trial court’s notation; he contends that Brannon and Freeman had no
pleadings on file affirmatively requesting attorney’s fees under section
22.0517.    

Attorney’s fees are recoverable only when provided
for by statute or by the parties’ agreement.  Dallas Cent. Appraisal Dist.
v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992); Jackson v.
Biotechtronics, Inc., 937 S.W.2d 38, 44 (Tex. App.—Houston [14th Dist.]
1996, no writ).  We generally review a trial court’s decision to award
attorney’s fees for an abuse of discretion.  Bocquet v. Herring, 972
S.W.2d 19, 20 (Tex. 1998).  A trial court abuses its discretion if its decision
is arbitrary, unreasonable, and without reference to guiding principles.  Goode
v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997).  However, some statutes
remove the discretion from the trial court.  See Bocquet, 972
S.W.2d at 20–21.  Statutes providing that a “court may award” attorney’s fees
grant courts a measure of discretion in awarding attorney’s fees, but statutes
providing that a “party may recover,” “a party shall be awarded,” or “party is
entitled to” attorney’s fees mandate an award of reasonable and necessary
fees.   Id.; Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.,
212 S.W.3d 665, 672 (Tex. App.—Austin 2006, no pet.).  The relevant attorney’s
fee statute in this case provides:

In an action against a professional employee of a school
district involving an act that is incidental to or within the scope of duties
of the employee’s position of employment and brought against the employee in
the employee’s individual capacity, the employee is entitled to
recover attorney’s fees and court costs from the
plaintiff if the employee is found immune from liability under this
subchapter.

Tex. Educ. Code Ann. §
22.0517 (emphasis added).  Section 22.0517 clearly provides that “the employee
(party) is entitled to recover” if he or she is found to be immune from
liability.  See id.  Accordingly, section 22.0517 mandates the
issuance of attorney’s fees after a party has proven that it is immune under
chapter 22.  See Bocquet, 972 S.W.2d at 20 (indicating that statutes
providing a party “is entitled to” recover attorney’s fees are not
discretionary).  Because the trial court found, and we agree, that Brannon was
immune from liability under section 22.0511, it had no discretion in awarding
attorney’s fees.  Furthermore, assuming that the trial court denied the request
for attorney’s fees, as noted in the record, because Brannon had no previous
pleadings on file, such “pleading” was not necessary. See Alan Reuber
Chevrolet, Inc. v. Grady Chevrolet, Ltd., 287 S.W.3d 877, 884 (Tex.
App.—Dallas 2009, no pet.) (“Absent a mandatory statute, a trial court’s
jurisdiction to render judgment for attorney’s fees must be invoked by
pleadings.”); see also Campbell v. Stucki, 220 S.W.3d 562, 567–68 (Tex.
App.—Tyler 2007, no pet.) (concluding that pleadings were required where there
was no mandatory statute providing for recovery of attorney’s fees).  Because
the award of attorneys’ fees was mandatory under section 22.0517, Brannon
properly requested the fees following the trial court’s finding of professional
immunity.

            It is important
to note that only Brannon invoked section 22.0517.  As discussed above, Brannon
showed that he was entitled to professional immunity on the individual acts of
investigating and suspending Robinson.  However, because Freeman was not
protected by professional immunity on the alleged acts of harassment, she is
not entitled to section 22.0517 attorney’s fees.  Furthermore, Brannon’s
entitlement to section 22.0517 attorney’s fees is limited to only those fees
specific to his professional immunity defense.  Any attorney’s fees associated
with defending against Robinson’s suit outside Brannon’s professional
immunity—his defenses of exhaustion of administrative remedies and no evidence
on the acts of electronic harassment—are not recoverable under section
22.0517.  Accordingly, we sustain Brannon’s sole issue on cross-appeal with
respect to those particular fees reasonable and necessary to defend on his
professional immunity defense and reverse the trial court’s order denying
attorney’s fees accordingly.  We overrule Brannon’s issue on cross-appeal as to
attorneys’ fees related to his defenses other than professional immunity.  We
overrule Freeman’s sole issue on cross-appeal.

V.  CONCLUSION

We affirm the trial court’s order granting summary
judgment in favor of Brannon and Freeman, reverse the trial court’s order
denying Brannon’s request for attorney’s fees, and remand on the sole issue of
Brannon’s reasonable and necessary attorney’s fees on his professional immunity
defense in accordance with this opinion.

 

                                                                                    

                                                            /s/                    Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

 

 









[1]
See Robinson v. Alief Indep. Sch. Dist., 298 S.W.3d 321, 323 (Tex.
App.—Houston [14th Dist.] 2009, pet. denied).





[2]
See Tex. Educ. Code Ann. § 22.0517 (Vernon 2006).





[3]
Because there is no “good faith” element to section 22.0511, we also reject
Robinson’s argument that Brannon and Freeman acted in bad faith, thereby
stripping them of professional immunity.  See Kobza, 109 S.W.3d
at 93; Enriquez, 13 S.W.3d at 464.

 





[4]
Having concluded that Brannon was entitled to summary judgment on the basis of
professional immunity on the acts of investigating and suspending Robinson and
both Brannon and Freeman were entitled to summary judgment on the other alleged
acts of harassment for lack of summary judgment evidence, we need not address
the alternate summary judgment grounds raised by Robinson in his second issue. 
See Tex. R. App. P. 47.1; see also Seureau v. ExxonMobil Corp.,
274 S.W.3d 206, 231 (Tex. App.—Houston [14th Dist.] 2008, no pet.).