Adrian ROBINSON, Appellant,

v.

Dwight BRANNON and Lynetta Freeman a/k/a Lenetta Freeman, Appellees.

No. 14–09–00139–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 20, 2010.

---

Larry Watts, Missouri City, for appellant.

Jon Erik Nichols, Paul Andrew Lamp, Jonathan Griffin Brush, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and CHRISTOPHER.

**OPINION**

ADELE HEDGES, Chief Justice.

In this employment dispute, appellant, Adrian Robinson, appeals from a summary judgment in favor of appellees, Dwight Brannon and Lynetta Freeman a/k/a Lenetta Freeman, on the grounds that: (1) appellees were not immune from suit under the doctrine of professional immunity; (2) Robinson was not required to exhaust administrative remedies; and (3) fact issues were raised on Robinson's tort claims. Brannon and Freeman have also brought a cross-appeal, arguing that the trial court erred in denying their request for attorney's fees—specifically under the Texas Education Code—after summary judgment had been granted in their favor. We affirm the trial court's order granting summary judgment in favor of Brannon and Freeman, reverse the trial court's order denying Brannon's request for attorney's fees, and remand on the sole issue of Brannon's reasonable and necessary attorney's fees on his professional immunity defense in accordance with this opinion.

## I. BACKGROUND

Robinson was employed by Alief Independent School District ("AISD") as a teacher during the 2004–2005 school year. Robinson contends that in the fall of 2004, he had a brief romantic relationship with Freeman, a fellow AISD employee. Robinson claims that after he ended the relationship, Freeman and Brannon, an employee with AISD's human resources department, began a campaign against Robinson to tarnish his reputation as an educator. Specifically, Robinson contends that Freeman made harassing phone calls and sent threatening text messages to him. According to Robinson, Freeman also conspired with his former girlfriend to make harassing phone calls to him at his workplace.

Robinson further claims that Brannon assisted in carrying out the scheme of harassment by conducting an improper personnel investigation and placing Robinson on administrative leave for allegedly receiving "preferential treatment" from his

supervisor. Robinson claims that while he was on leave, an email was sent to other AISD employees indicating that Robinson suffered from the AIDS virus and was maliciously attempting to spread the disease. The email also allegedly detailed Robinson's sexual preferences and habits. Robinson claims that Brannon and Freeman's campaign to harass and embarrass him caused him to suffer a stress-related medical disorder and ultimately forced him to resign from AISD. Both Brannon and Freeman subsequently resigned from AISD as well.

In February 2007, Robinson filed a lawsuit against AISD, AISD's superintendent Louis Stoerner, in his official capacity, and Brannon and Freeman in their individual capacities. Against AISD and Stoerner, Robinson alleged denial of equal rights, freedom of speech, and due process violations under article I, sections 3, 8, and 19 of the Texas Constitution. Against Brannon and Freeman, Robinson asserted the following tort claims: (1) civil conspiracy; (2) intentional infliction of emotional distress; (3) tortious interference with prospective and existing business relationships; and (4) invasion of privacy—public disclosure of private facts and intrusion upon seclusion.

All the defendants filed dispositive motions: AISD and Stoerner filed a plea to the jurisdiction, and Brannon and Freeman filed a motion for summary judgment. AISD and Stoerner's plea to the jurisdiction was granted, and this Court affirmed the trial court's grant of the plea.[1] In Brannon and Freeman's summary judgment motion, they claimed that (1) they had professional immunity from suit, (2) the trial court lacked jurisdiction because Robinson had failed to exhaust his admin-

istrative remedies, and (3) Robinson failed to produce evidence on each element of his tort claims. The trial court granted the summary judgment motion, concluding that Brannon and Freeman had professional immunity and raised "other meritorious arguments" in their motion for summary judgment. After the motion for summary judgment was granted, Brannon and Freeman moved for attorney's fees pursuant to section 22.0517 of the Education Code.[2] The trial court denied the motion.

Robinson now appeals the trial court's summary judgment in favor of Brannon and Freeman. In three issues, Robinson contends that: (1) Brannon and Freeman were not immune from suit under the doctrine of professional immunity; (2) Robinson was not required to exhaust administrative remedies; and (3) fact issues were raised on Robinson's tort claims. Brannon and Freeman have filed a cross-appeal on the trial court's order denying their request for attorney's fees.

## II. SUMMARY JUDGMENT STANDARDS OF REVIEW

Brannon and Freeman moved for summary judgment on both traditional and no-evidence grounds. We review a trial court's summary judgment *de novo. Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). A defendant who seeks a traditional summary judgment under rule 166a(c) must demonstrate that the plaintiff has no cause of action as a matter of law. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215–16 (Tex. 2003); *Cullins v. Foster,* 171 S.W.3d 521, 530 (Tex.App.-Houston [14th Dist.] 2005,

---

**1.** *See Robinson v. Alief Indep. Sch. Dist.,* 298 S.W.3d 321, 323 (Tex.App.-Houston [14th Dist.] 2009, pet. denied).

**2.** *See* Tex. Educ.Code Ann. § 22.0517 (Vernon 2006).

pet. denied). A traditional summary judgment is proper when the defendant either negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex. 1997); *Cullins,* 171 S.W.3d at 530. When the defendant has carried its summary judgment burden, the burden shifts to the nonmovant to raise a material fact issue precluding summary judgment. *Virginia Indonesia Co. v. Harris County Appraisal Dist.,* 910 S.W.2d 905, 907 (Tex.1995). In reviewing a summary judgment, we take as true all evidence favorable to the non-movant, indulging every reasonable inference, and we resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985).

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750–51 (Tex. 2003); *Mathis v. Restoration Builders, Inc.,* 231 S.W.3d 47, 50 (Tex.App.-Houston [14th Dist.] 2007, no pet.). We sustain a no-evidence summary judgment when (1) there is a complete absence of proof of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Chapman,* 118 S.W.3d at 751; *Walker v. Thomasson Lumber Co.,* 203 S.W.3d 470, 474 (Tex.App.-Houston [14th Dist.] 2006, no pet.). Less than a scintilla of evidence exists when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, and

in legal effect is no evidence. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex. 2004). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions as to the existence of the vital fact. *Id.*

## III. PROFESSIONAL IMMUNITY

■ In Robinson's first issue, he contends that the trial court erroneously granted summary judgment in favor of Brannon and Freeman on the ground of professional immunity. Section 22.0511 of the Education Code provides in relevant part:

(a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

Tex. Educ.Code Ann. § 22.0511(a) (Vernon 2006). Accordingly, immunity afforded by this statute requires that the person asserting immunity establish that (1) he or she is a professional employee of a school district, (2) he or she is acting incident to or within the scope of duties, (3) the act involves the exercise of judgment or discretion, and (4) the act does not fall within the stated statutory exceptions. *See Le-Leaux v. Hamshire–Fannett Indep. Sch. Dist.,* 835 S.W.2d 49, 52–53 (Tex.1992); *Kobza v. Kutac,* 109 S.W.3d 89, 93 (Tex. App.-Austin 2003, pet. denied); *Enriquez v. Khouri,* 13 S.W.3d 458, 461 (Tex.App.-El Paso 2000, no pet.); *Williams v. Chatman,* 17 S.W.3d 694, 697 (Tex.App.-Amarillo 1999, pet. denied). Here, Robinson bases his challenge on the second element:

Brannon and Freeman's acts were outside the scope of their employment and were done in bad faith.

■ Whether one is acting within the scope of his or her employment depends upon whether the general act from which the injury arose was in furtherance of the employer's business and for the accomplishment of the object for which the employee was employed. *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex.1972); *Chesshir v. Sharp*, 19 S.W.3d 502, 504–05 (Tex.App.-Amarillo 2000, no pet.). Should this test be satisfied, then neither (1) the failure of the employer to expressly authorize the act, nor (2) the fact that it was performed negligently, strip the act of its protective shield. *Kobza*, 109 S.W.3d at 93; *Chesshir*, 19 S.W.3d at 505. In other words, whether an act occurs within the scope of employment is not conditioned upon whether the employer expressly approved it. Thus, the lack of prior approval does not alone remove the act from the scope of employment.

■ With respect to Brannon, Robinson contends that Brannon engaged in three acts outside the scope of his employment: conducting the personnel investigation, placing Robinson on administrative leave, and participating in the harassing email and phone calls. Robinson claims that the investigation and suspension were outside of Brannon's duties because: (1) Brannon's human resources duties were limited to overseeing insurance benefits; (2) Brannon had never conducted an investigation involving an allegation of preferential treatment; (3) there was no evidence that Brannon was instructed to investigate Robinson; and (4) the administrative suspension was against AISD policy.

Contrary to Robinson's contentions, the summary judgment evidence conclusively establishes that Brannon's acts of investigating and placing Robinson on administrative leave was incident to or within the scope of his duties as director of human resources and risk management.

■ The summary judgment evidence reflects that Brannon was the director of human resources and risk management at AISD when he investigated an allegation that Robinson was receiving preferential treatment from his supervisor. Brannon testified at his deposition that his human resources duties included conducting personnel investigations involving various employee issues. Brannon also participated in pre-termination hearings and testified that he had investigated Robinson and placed him on administrative leave in the capacity of director of human resources. We conclude that the summary judgment evidence conclusively establishes that the acts of investigating and administratively suspending Robinson were incident to or within the scope of Brannon's duties as the director of human resources. Furthermore, because these acts were incident to Brannon duties, the fact that he may not have followed AISD policy does not affect the protective shield of professional immunity under the Education Code.[3] *See Kobza*, 109 S.W.3d at 93; *Chesshir*, 19 S.W.3d at 505. Accordingly, Brannon established that he was entitled to professional immunity with respect to the acts of investigating Robinson for an allegation of employee preferential treatment and placing Robinson on leave.

■ Robinson also claims that Brannon and Freeman actively participated in the harassing phone calls, text messages, and

---

**3.** Because there is no "good faith" element to section 22.0511, we also reject Robinson's argument that Brannon and Freeman acted in bad faith, thereby stripping them of professional immunity. *See Kobza*, 109 S.W.3d at 93; *Enriquez*, 13 S.W.3d at 464.

defamatory email—acts not within the scope of their employment. While these particular acts of harassment were not within the scope of Brannon's employment as the director of human resources and risk management and Freeman's employment as a teacher, there is no evidence, as discussed below, that either Brannon or Freeman was the source of or conspired to send the email or make the harassing phone calls. We sustain Robinson's first issue to the extent that Brannon and Freeman did not have professional immunity from the alleged acts of electronic harassment—harassing phone calls, threatening text messages, and defamatory email—but we overrule Robinson's first issue to the extent that Brannon had professional immunity regarding the acts of investigating and suspending Robinson.

## IV. NO SUMMARY JUDGMENT EVIDENCE TO SUPPORT TORT CLAIMS

In Robinson's third issue, he contends that there were genuine issues of material fact on each of his tort claims— public disclosure of private facts, intrusion upon seclusion, civil conspiracy, and tortious interference with a contract. A plaintiff alleging public disclosure of private facts must show: that (1) publicity was given to matters concerning his private life; (2) the publication of such matter would be highly offensive to a reasonable person of ordinary sensibilities; and (3) the matter publicized is not of legitimate public concern. *Indus. Found. of the S. v. Tex. Indus. Acc. Bd.*, 540 S.W.2d 668, 682–83 (Tex.1976). An unwarranted intrusion upon seclusion is proved by showing that (1) an intentional intrusion, physical or otherwise, upon another's solitude, seclusion, or private affairs or concerns, (2) the intrusion would be highly offensive to a reasonable person, and (3) the person suffered an injury as a result of the intrusion.

*Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex.1993).

The elements of civil conspiracy are that (1) two or more persons, (2) with an object to be accomplished, (3) with the meeting of minds on the object or course of action, (4) commit one or more unlawful or overt acts, (5) and causes damage or injury. *Operation Rescue–Nat'l v. Planned Parenthood*, 975 S.W.2d 546, 553 (Tex.1998). The elements of tortious interference with a contract are (1) existence of a contract subject to interference, (2) willful and intentional interference, (3) interference that proximately caused damage, and (4) actual damage or loss. *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex.1998).

Robinson claims that summary judgment was not proper on his tort claims because he produced evidence that Brannon and Freeman made or participated in the harassing phone calls, threatening text messages, and defamatory email, all of which support his tort causes of action. However, contrary to Robinson's claims, there is less than a scintilla of evidence showing Brannon and Freeman had participated in the alleged tortious acts of harassment purporting to support Robinson's tort claims. Robinson testified during his deposition that he had no evidence identifying the source of the defamatory email and believed that his former girlfriend had made the harassing phone calls. Robinson further testified that he had no evidence that Brannon had been involved in the dissemination of the email or making the harassing phone calls. Rather, Robinson testified he *speculated* that Brannon had participated. Moreover, Robinson testified that he believed Freeman had participated in making the harassing phone calls because he saw her making a phone call on the same day he

received one of the harassing calls at his workplace.

There is no evidence—or less than a scintilla of evidence—that Brannon or Freeman made the harassing communications about which Robinson complains. Robinson's pleadings merely make an unsupported allegation that Brannon and Freeman participated in the harassing email, phone calls, and text messages. Accordingly, the trial court properly granted summary judgment in favor of Brannon and Robinson on Robinson's tort claims.[4] We overrule Robinson's third issue.

## V. CROSS–APPEAL: ATTORNEY'S FEES

In Brannon and Freeman's sole issue on cross-appeal, they challenge the trial court's denial of their request for attorney's fees under civil procedure rules 131 and 141 and section 22.0517 of the Education Code. *See* Tex.R. Civ. P. 131, 141; Tex. Educ.Code Ann. § 22.0517. Brannon and Freeman contend that once summary judgment was granted in their favor, they were entitled to attorney's fees under these three particular provisions. In part, we agree.

▇▇ Because Brannon and Freeman did not seek attorney's fees under civil procedure rules 131 and 141 in the trial court, they have waived recovery on these bases. *See* Tex.R.App. P. 33.1(a). They did, however, seek attorney's fees under section 22.0517 of the Education Code. The trial court denied their request for section 22.0517 attorney's fees, indicating that they had "no pleadings." Robinson's

argument on appeal replicates the trial court's notation; he contends that Brannon and Freeman had no pleadings on file affirmatively requesting attorney's fees under section 22.0517.

▇▇ Attorney's fees are recoverable only when provided for by statute or by the parties' agreement. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex.1992); *Jackson v. Biotectronics, Inc.*, 937 S.W.2d 38, 44 (Tex.App.-Houston [14th Dist.] 1996, no writ). We generally review a trial court's decision to award attorney's fees for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles. *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997). However, some statutes remove the discretion from the trial court. *See Bocquet*, 972 S.W.2d at 20–21. Statutes providing that a "court may award" attorney's fees grant courts a measure of discretion in awarding attorney's fees, but statutes providing that a "party may recover," "a party shall be awarded," or "party is entitled to" attorney's fees mandate an award of reasonable and necessary fees. *Id.; Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 672 (Tex.App.-Austin 2006, no pet.). The relevant attorney's fee statute in this case provides:

> In an action against a professional employee of a school district involving an act that is incidental to or within the scope of duties of the employee's position of employment and brought against

---

4. Having concluded that Brannon was entitled to summary judgment on the basis of professional immunity on the acts of investigating and suspending Robinson and both Brannon and Freeman were entitled to summary judgment on the other alleged acts of harassment for lack of summary judgment

evidence, we need not address the alternate summary judgment grounds raised by Robinson in his second issue. *See* Tex.R.App. P. 47.1; *see also Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 231 (Tex.App.-Houston [14th Dist.] 2008, no pet.).

the employee in the employee's individual capacity, the *employee is entitled to recover attorney's fees* and court costs from the plaintiff *if the employee is found immune from liability under this subchapter.*

Tex. Educ.Code Ann. § 22.0517 (emphasis added). Section 22.0517 clearly provides that "the employee (party) is entitled to recover" if he or she is found to be immune from liability. *See id.* Accordingly, section 22.0517 mandates the issuance of attorney's fees after a party has proven that it is immune under chapter 22. *See Bocquet,* 972 S.W.2d at 20 (indicating that statutes providing a party "is entitled to" recover attorney's fees are not discretionary). Because the trial court found, and we agree, that Brannon was immune from liability under section 22.0511, it had no discretion in awarding attorney's fees. Furthermore, assuming that the trial court denied the request for attorney's fees, as noted in the record, because Brannon had no previous pleadings on file, such "pleading" was not necessary. *See Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.,* 287 S.W.3d 877, 884 (Tex.App.-Dallas 2009, no pet.) ("Absent a mandatory statute, a trial court's jurisdiction to render judgment for attorney's fees must be invoked by pleadings."); *see also Campbell v. Stucki,* 220 S.W.3d 562, 567–68 (Tex.App.-Tyler 2007, no pet.) (concluding that pleadings were required where there was no mandatory statute providing for recovery of attorney's fees). Because the award of attorneys' fees was mandatory under section 22.0517, Brannon properly requested the fees following the trial court's finding of professional immunity.

 It is important to note that only Brannon invoked section 22.0517. As discussed above, Brannon showed that he was entitled to professional immunity on the individual acts of investigating and sus-

pending Robinson. However, because Freeman was not protected by professional immunity on the alleged acts of harassment, she is not entitled to section 22.0517 attorney's fees. Furthermore, Brannon's entitlement to section 22.0517 attorney's fees is limited to only those fees specific to his professional immunity defense. Any attorney's fees associated with defending against Robinson's suit outside Brannon's professional immunity—his defenses of exhaustion of administrative remedies and no evidence on the acts of electronic harassment—are not recoverable under section 22.0517. Accordingly, we sustain Brannon's sole issue on cross-appeal with respect to those particular fees reasonable and necessary to defend on his professional immunity defense and reverse the trial court's order denying attorney's fees accordingly. We overrule Brannon's issue on cross-appeal as to attorneys' fees related to his defenses other than professional immunity. We overrule Freeman's sole issue on cross-appeal.

## VI. CONCLUSION

We affirm the trial court's order granting summary judgment in favor of Brannon and Freeman, reverse the trial court's order denying Brannon's request for attorney's fees, and remand on the sole issue of Brannon's reasonable and necessary attorney's fees on his professional immunity defense in accordance with this opinion.