**Affirmed and Memorandum Opinion filed October 27, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-01020-CV

## MARIANO DIAZ, INDIVIDUALLY AND AS NEXT FRIEND OF M.D., A MINOR CHILD, Appellant

### V.

## KEVIN JOHNSON, JOHN EDWARD JOHNSON, JOHNNIE M. WILLIAMS, AND JOE ORAN WILLIAMS, Appellees

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 13-CV-0009**

## M E M O R A N D U M   O P I N I O N

Appellant Mariano Diaz appeals the failure of the trial court to award his counsel's attorney's fees on a minor's settlement. In three issues, he asserts: (1) the trial court denied his counsel due process of law by ordering the forfeiture of his attorney's fees; (2) the intervenor lacked authority to effectuate the settlement; and (3) this court should remand for determination of a reasonable fee if we do not award the contracted contingency fee rate. We affirm.

## I. BACKGROUND

M.D. suffered serious personal injuries when a pickup truck fell on him while he was doing some mechanical work under the supervision of his mother's boyfriend, appellant Kevin Johnson ("Kevin"). Following life flight transport, M.D. remained in intensive care for nine days but ultimately fully recovered from his serious injuries.

M.D.'s father, Mariano Diaz ("Mariano"), filed the underlying suit on behalf of the minor against Kevin and the other appellants;[1] Mariano retained counsel on a contingency fee basis to pursue the claim. The parties attempted to reach a settlement for Kevin's insurance policy limits; however, the negotiations initially stalled because Kevin's insurer discovered Mariano did not have the authority to bring legal actions on behalf of M.D. Specifically, it is undisputed that pursuant to Diaz's divorce from M.D.'s mother, Marie Sol Johnson ("Marie"), Marie has the sole authority to bring legal actions on behalf of M.D. The insurer offered to settle any and all claims for Kevin's policy limit of $30,000, but the insurer needed a release from Marie to undertake the settlement.

Marie intervened in the underlying suit as next friend of M.D.[2] She asserted that, by virtue of the divorce decree between her and Mariano she had the exclusive right to maintain the action on M.D.'s behalf. Marie pleaded for the damages incurred by the minor. No party asked the trial court to strike Marie's intervention. On March 28, 2014, Mariano notified the trial court that the parties had reached a settlement pending "final approval by the Court." As part of this

---

[1] None of the other appellants appear to have any involvement in the underlying case or this appeal.

[2] Marie's plea in intervention was drafted by Kevin's attorney.

2

settlement, his counsel was to receive attorney's fees in the amount of a 25% contingency fee.

The trial court convened a minor's settlement conference on April 25, 2015.[3] Neither Mariano nor his counsel appeared at the hearing. M.D.'s guardian ad litem appeared and indicated that she received a voicemail from Mariano's counsel the night before the hearing who stated he would need to reschedule the hearing because Mariano could not attend.[4] According to the trial court's records, however, Mariano's counsel did not ask the court to cancel or reschedule the hearing. Marie took time off of work and appeared with M.D., whom she took out of school so he could likewise attend the hearing. Counsel for Kevin also appeared.

Notwithstanding Mariano's failure to appear for the hearing, Marie asked the trial court to proceed because she had intervened as next friend for her son. Marie also indicated that Mariano has no interaction with M.D. and knows nothing about M.D.'s physical recovery. Moreover, Marie expressed frustration that "every time we go to court, he's never been to court once." The guardian ad litem also explained a need to finalize the settlement to resolve the liens. She stated that the outstanding medical bills amounted to around $110,000, but she had negotiated a substantial reduction in those bills to approximately $6,700. But the guardian ad litem explained that, until the health care liens were actually resolved, there was a chance M.D. and his family's health insurance would stop providing benefits.

---

[3] *See* Tex. R. Civ. P. 44.

[4] Mariano's counsel later alleged that the guardian ad litem agreed to cancel the hearing. However, the guardian ad litem denied such an agreement and played a tape recording of the conversation to refute the allegation. The recording, transcribed within the reporters record contains no indication or agreement that the guardian ad litem should or would cancel the hearing.

The trial court proceeded with the settlement hearing. The court took judicial notice of the final decree of divorce between Marie and Mariano, including Marie's "exclusive right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children." Marie testified regarding the minor's injuries, his complete recovery, and the proposed settlement, which she asked the trial court to approve. Marie testified that, based on the guardian ad litem's negotiations with the health care providers for M.D., no one would be responsible for any additional amounts for this incident. She also acknowledged that she had agreed to allow Mariano's attorneys to have a fee in the personal injury case if Mariano would dismiss a motion filed in family court to modify the decree for the purpose of recovering a fee in the underlying action. She was unaware of the actual amount of the fee Mariano's attorneys wanted, but understood it was 25%. Marie did not have the written agreement where she agreed that Mariano could recover attorney's fees for the suit; Mariano had it. Marie requested that any remaining proceeds from the $30,000 settlement be placed in the registry of the court for M.D.'s benefit when he turned 18.

After hearing Marie's testimony, the trial court announced its approval of the settlement and further ordered that "[a]s far as the legal fees for the plaintiff, any costs and legal fees are reduced to $2,500.00." The parties agreed to submit the settlement to the trial court for approval.

Mariano filed an "Emergency Motion to Reconsider Ruling Regarding Attorney Fees." After a hearing, at which Mariano again did not appear, the trial court denied reconsideration and later signed a final judgment. Specifically, the judgment (a) resolved the outstanding medical bills as negotiated by the guardian ad litem; (b) established periodic annuity payments for M.D.; (c) awarded $2,500 to Mariano's counsel for fees and expenses in the prosecution of this matter; and

4

(d) ordered the deposit into the court's registry of additional funds for the "use and benefit" of M.D. "pending final resolution of the appeal of the court's order relating to attorney fees filed by counsel for plaintiffs." Further, Kevin was ordered to pay $3,500 as fees to the guardian ad litem.

Mariano timely noticed his appeal of only the attorney's fee issue.

## II. STANDARD OF REVIEW

The parties do not debate our standard of review. We review a trial court's award of attorney's fees for abuse of discretion. *Robinson v. Brannon*, 313 S.W.3d 860, 868 (Tex. App.—Houston [14th Dist.] 2010, no pet.). That is, we reverse only if the trial court's award of attorney's fees is arbitrary, unreasonable, and without reference to guiding principles. *Id.* (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997)).

## III. ANALYSIS

As outlined above, Mariano challenges the trial court's judgment on two grounds: (1) due process; and (2) impropriety of Marie's intervention. He further seeks remand to the trial court for the determination of a reasonable fee if we do not determine he is entitled to the 25% contingency fee for attorney's fee.

As a preliminary matter, Mariano complains that the trial court awarded only costs of $2,500, but no fees. This statement is not supported by the record. As outlined above, the final judgment states that "[t]he sum of $2,500.00 is to be paid to [Mariano's counsel] for *fees* and expenses in the prosecution of this matter" (emphasis added). The trial court stated on the record that the "*legal fees* for the plaintiff, any costs and *legal fees* are reduced to $2,500.00" (emphasis added).

Further, in each of his issues, Mariano challenges only the trial court's decision to order fee forfeiture, fee disgorgement, or sanctions. The trial court did

5

not order or mention fee forfeiture.  The trial court did not order or mention fee disgorgement.  The trial court did not order sanctions.

To the extent that Mariano claims a due process violation,[5] the trial court did not act without affording Mariano notice and an opportunity to be heard.  Indeed, Mariano requested the initial settlement hearing, yet failed to attend.  Mariano then sought and obtained a hearing on reconsideration.  Mariano thus had an opportunity to be heard, twice.  There is no due process violation in this case, and we overrule this issue.  *See, e.g., Tex. Worker's Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004) ("Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner.").

Mariano next asserts that the trial court abused its discretion by "replac[ing] [Mariano] as next friend at the settlement hearing and it abused its discretion by penalizing [Mariano]'s counsel with the severe sanction of fee forfeiture for demonstrating [Marie]'s manifest conflict of interest."  But, as discussed above, there is no fee forfeiture in this case.  Thus, this issue presents nothing for our review, and it is overruled.[6]

---

[5] Mariano asserts that his *trial counsel's* right to due process was violated.  But his counsel is not a party to the suit; thus it is difficult to discern how his counsel had a right to due process in this case.  We thus consider whether Mariano's right to due process was denied.

[6] Moreover, neither Mariano nor his counsel appeared at the settlement hearing.  At that hearing, the trial court took judicial notice of Mariano's and Marie's divorce decree, which afforded Marie the exclusive right to represent M.D. in legal action and to make other decisions of substantial legal significance concerning M.D.  The trial court also heard testimony that Mariano had not been involved in M.D.'s life for several years, that the medical bills associated with M.D.'s treatment for this injury had been reduced by the actions of the guardian ad litem to around $6,700, and that both M.D.'s guardian ad litem and Marie believed that it was in M.D.'s best interest to settle this suit.

Mariano's counsel urged at the hearing on his motion to reconsider that Marie "would not have made a claim against the insurance company" about this incident.  But he points to no record evidence to support this claim.  Mariano has failed to establish that Marie sought to waive

In his third issue, Mariano seeks remand for determination of a "reasonable fee" if we do "not see fit to award the contracted 25 percent contingency fee rate." Yet Mariano has proffered no argument about why the trial court abused its discretion in awarding $2,500 rather than the $7,500 sought on reconsideration or why the award of $2,500 is against the great weight and preponderance of the evidence. Mariano has failed to adequately brief this argument or analyze the evidence before the trial court and, therefore, he has waived his third issue.[7] *See* Tex. R. App. P. 38.1(i).

---

M.D.'s cause of action for personal injuries. *See Munoz v. II Jaz Inc.*, 863 S.W.2d 207, 290–10 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (holding that the Family Code, which grants to the parents of a minor child the power to make decisions of substantial legal significance, "does not give parents the power to waive a child's cause of action for personal injuries"). There is nothing in our record to overcome the presumption that Marie's decision about the settlement of this suit was not in the best interest of M.D. *See In re KC Greenhouse Patio Apartments, LP*, 445 S.W.3d 168, 174 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("[W]hen parents make decisions about the well-being of their children, courts are to presume that the parent is acting in the child's best interest."). Indeed, by seeking additional attorney's fees in this case, it appears that Mariano is not acting in M.D.'s best interest because doing so would reduce the amount awarded to M.D.

[7] Eeven if we determined that the argument was not waived, we would conclude that the trial court did not abuse its discretion in reducing Mariano's attorney fee award. Any settlement involving the interests of a minor, including any proposed apportionment of fees and costs, must be approved by the trial court. *See* Tex. R. Civ. P. 44(2). Because Mariano did not appear at the hearing, he presented no evidence to support any award of fees. Moreover, the information before the trial court during the hearing was that Mariano (a) brought the action without authority to act as M.D.'s next friend; (b) filed a motion in family court to obtain authority to recover a fee, an action which did not benefit M.D.; and (c) relied upon the guardian ad litem to negotiate a reduction in substantial hospital bill from $110,000 to $6,700. The only "fee" evidence Mariano relies upon is a contingency fee agreement that was not before the trial court until reconsideration. Further, Mariano does not dispute that a contractual contingent fee may be reduced at the discretion of the trial court. *Cf. Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 164 (5th Cir. 1981) (fact that no party questioned propriety of contingency fee and that injured plaintiff's guardian ad litem acquiesced to its reasonableness did not shield from court's scrutiny as part of the overall settlement of the injured minor's settlement).

## IV. Conclusion

None of Mariano's issues have merit. The judgment of the trial court is affirmed.

/s/    Sharon McCally
         Justice

Panel consists of Justices Jamison, McCally, and Wise.