**REVERSE; RENDER and REMAND and Opinion Filed November 29, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00589-CV**

**NATHAN LONG, Appellant**
**V.**
**DR. KRISTI LARSON LONG, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-03491-E**

## OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

Nathan Long appeals the trial court's order awarding Dr. Kristi Larson Long

attorney's fees in connection with her motion to dismiss under the Texas Citizens

Participation Act (TCPA).[1]  In five issues, Nathan argues the trial court erred in (1)

dismissing his claims under the TCPA; (2) acting untimely in attempting to vacate a

December 15, 2021 order; (3) dismissing his claims because Kristi failed to meet her

burden under the TCPA; (4) dismissing his claims because he satisfied the minimal

---

[1] The Notice of Appeal advises of the desire to appeal from the final order, which is an "amalgam of several orders" including the last order issued on May 23, 2022, relative to attorneys' fees.  Those orders are identified and addressed below.

pleading obligations under Rule 91a; and (5) awarding attorney's fees to Kristi pursuant to the TCPA. We reverse and render in part and reverse and remand for further proceedings.

## FACTUAL BACKGROUND

In August 2021, Nathan filed his original petition against Kristi in which he alleged the following facts. He and Kristi were married for eighteen years and had seven children. They divorced in April 2021, "after many months of acrimonious litigation," Nathan and Kristi divorced. Among other things, the final divorce decree awarded Kristi a $3,000,000 promissory note to compensate her in the division of the parties' estate. The note had a term of eight years and called for an initial payment of $500,000, which Nathan prepaid, and eight subsequent annual installments of $312,500 payable commencing on January 1, 2022, and thereafter on January 1 each year until January 1, 2029.

The petition alleged that, in the early morning hours of July 5, 2021, Nathan and a date were arrested after falling asleep in his SUV where they had been parked at the top of a tower garage watching Fourth of July fireworks. The two were arrested for misdemeanor public intoxication although neither Nathan nor his date had been driving an automobile or walking around in public, and neither one was intoxicated. Further, no breathalyzer test was performed on either Nathan or his date.

The next day, Nathan began receiving "oblique but threatening" texts from Kristi. The first text stated, "Wait until you see what's coming for you! I always suspected but I finally have proof. [Eldest child] will run scared from you." On or about July 20, 2021, Kristi texted Nathan screen shots of partially unclothed male dancers from advertisements for La Bare Dallas, a nightclub in Dallas. Kristi also attached a screen shot of the parking lot at La Bare Dallas. In a series of texts, Kristi said Nathan "paid the men" in the photographs "in cash" and told Nathan to "stop texting teenagers."

On or about July 29, 2021, Nathan's divorce lawyer reached out to Kristi in an attempt to negotiate a present value discount to pay off the entire remaining balance of the note. Kristi immediately responded that she would agree to the very first discount being considered, but she conditioned her acceptance on the entire transaction being closed and funded within a period of hours. Given that no documents were yet drafted and because of the history between the parties, Kristi's response was "at best suspicious," according to Nathan. Kristi was told that several days would be required to fund the transaction and generate the necessary documentation.

That same day, "within minutes" of the contact with Kristi, multiple envelopes that had been deposited in the United States postal system on July 27, 2021, began arriving at the homes and businesses of Nathan's close friends, relatives, and close business associates. The envelopes were mailed anonymously from various zip

codes near Italy, Texas, and they all contained an identical package of materials including a copy of Nathan's and his date's July 5, 2021 arrest reports; their mug shots; a photocopied photograph of La Bare Dallas; and a photograph of the La Bare parking lot with the typed legend, "Woman's Club that also caters to bisexual and gay males."

The petition alleged that the recipients of the packages were not random. Instead, each recipient was targeted from a private mailing list to which only Nathan or Kristi had access, and only Nathan or Kristi had knowledge of each recipient's significance to Nathan and his businesses and an understanding of the harm delivery of such a package would inflict on Nathan and his businesses.

Based on these allegations, Nathan accused Kristi of sending the packages and asserted claims of intentional infliction of emotional distress, invasion of privacy: intrusion on seclusion, and public disclosure of private facts. Specifically, the petition asserted Nathan suffered and continues to suffer severe emotional distress and humiliation because of Kristi's "purposeful and ongoing attack upon him." The petition contains nearly two pages alleging intentional and malicious actions taken by Kristi in sending the packages to the targeted recipients. Regarding invasion of privacy, the petition asserted Kristi invaded Nathan's privacy by intruding on his solitude, seclusion, and private affairs or concerns.

–4–

# PROCEDURAL BACKGROUND

On September 20, 2021, Kristi filed motions to dismiss under both the TCPA and Texas Rule of Civil Procedure 91a. Kristi's TCPA motion alleged she "had no role in the dissemination of these alleged mailings." Even assuming for the sake of argument that Nathan's account was true, Kristi argued, Nathan's legal action was based on, "related to," or in response to Kristi's exercise of her right of free speech, right to petition, and right of association, and Nathan could not establish by clear and convincing evidence a prima facie case for each and every element of his causes of action. The motion attached the mug shots of Nathan and his date and a Farmers Branch arrest summary and asserted that all the matters that Nathan alleged were publicized were of legitimate public concern and publicly available. Further, the motion alleged the mailings consisted of public records, establishing a "clear bar" to Nathan's recovery for invasion of privacy, and Nathan's intrusion upon seclusion claim failed as a matter of law because he could not establish an intrusion or, alternatively, because any alleged intrusion was not highly offensive to a reasonable person.

On October 1, 2021, the parties' attorneys entered the following Rule 11 agreement:

> I am writing to memorialize our Rule 11 Agreement. Plaintiff agrees to waive any argument that Defendant Dr. Long has not or did not file her motions timely or has not or did not timely have the motions heard, or that the Court's ruling was not timely pursuant to the Texas Rules of Civil Procedure, in exchange for Defendant's consent to move her

hearings on her Motion to Dismiss and Anti-Slapp that are scheduled for October 15, 2021 to October 29, 2021.

On December 3, 2021, the trial court held a hearing on both of Kristi's motions to dismiss. On December 15, 2021, the trial court signed two conflicting orders: (1) an order granting Kristi's TCPA motion to dismiss but awarding no attorney's fees and (2) an order denying the TCPA motion with the request for attorney's fees to be considered at a subsequent setting. On December 28, 2021, the trial court signed an order vacating the order granting Kristi's TCPA motion to dismiss; thus, only the trial court's order denying Kristi's TCPA motion to dismiss remained in effect.

On January 18, 2022, the trial court signed an order granting Kristi's 91a motion and dismissing Nathan's causes of action with prejudice. The trial court crossed out the paragraph in the order providing for an award of attorney's fees and added the handwritten notation "NEED separate order + hearing" in the margin.

On February 15, 2022, the trial court signed an "order vacating order denying defendant's motion to dismiss TCPRC chapter 27" in which it stated the order denying relief under the TCPA was "inadvertent error," vacated that order in all respects, granted Kristi's motion to dismiss, and dismissed the case. The order further provided "[a]ny relief not GRANTED, is specifically denied" with the caveat that "[a]ny remaining issues regarding attorney's fees must be set for a hearing before the Court."

Nathan filed a motion for new trial, or alternatively a motion to reconsider on February 17, 2022, thirty days from the order granting Kristi's 91a motion and

–6–

dismissing the case with prejudice. The trial court did not rule on the motion for new trial, which was denied by operation of law.[2]

On May 13, 2022, the trial court conducted a hearing on attorney's fees at which Nathan's attorney stated his belief that Kristi put on her entire case at the December 3, 2021 hearing and "closed it" without meeting her burden. Counsel noted that the trial court had not entered a "final, final order yet" but asserted that there was finality on Kristi's TCPA claims, which were denied. Counsel argued that Kristi could therefore not get fees for a claim on which she did not prevail. Finally, counsel complained that Kristi's counsel failed to segregate his attorney's fees. In response, Kristi's counsel argued Rule 91a did not require the trial court to rule on the attorney's fees issue within any allotted time, and counsel for the prevailing party was not required to segregate attorney's fees where discrete legal services advanced both recoverable and unrecoverable claims.

On May 23, 2022, the trial court entered an order awarding Kristi $15,003.68 in attorney's fees on her TCPA motion to dismiss and ordering "that the Court will not award Defendant's reasonable and necessary attorneys' fees and costs incurred through the filing and prosecution of her 91a Motion to Dismiss." This appeal followed.

---

[2] We note that March 16, 2022, was thirty days from the granting of Kristi's TCPA motion.

## ANALYSIS

We review de novo a trial court's ruling on a TCPA motion to dismiss. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019); *Goldberg v. EMR (USA Holdings) Inc.*, 594 S.W.3d 818, 827 (Tex. App.—Dallas, pet. denied) (citing *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018)). We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

**Issues 1 and 2**:     **TCPA Motion**

Whether the court erred in dismissing Plaintiff's claims under TCPA given it had already twice, timely denied the motion, it lost subject matter jurisdiction and subsequently entered its Order No. 5, 73 days after its TCPA hearing took place.

Whether the court's untimely effort to vacate its December 15, 2021, Order No. 1 was an error or was void given (i) its untimeliness and its (ii) failure to vacate its December 28, 2021, Order No. 3 and (iii) the TCPA's express language denying, by operation of law, motions not ruled on timely.

We first address Nathan's argument relative to proceedings under the TCPA and his assertion that the trial court erred in "trying to vacate" its December 15, 2021 order denying Kristi's TCPA motion to dismiss with its "untimely February 15, 2022, Order." Nathan argues that, even if the trial court was able to vacate its December 15, 2021, order, Kristi's TCPA motion to dismiss was denied by operation

–8–

of law.  The trial court's February 15, 2022, order shows that, in addition to vacating its December 15, 2021, order, the trial court granted Kristi's TCPA motion to dismiss, dismissed the case, and ordered that the issue of attorney's fees had to be set for a hearing.  We understand Nathan to contend that the trial court lost jurisdiction to take further action with respect to Kristi's TCPA motion 30 days after the December 3, 2021, hearing on the motion. As explained below, on this record we disagree that the trial court lost plenary jurisdiction to vacate the order but agree that the trial court had no authority to enter an order granting the TCPA motion more than 30 days after the hearing.

When a motion to dismiss pursuant to the TCPA is filed, the trial court must rule on the motion not later than the 30th day following the date the hearing on the motion concludes.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(a).  If a court does not rule on a motion to dismiss under the TCPA in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law, and the moving party may appeal.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a).  Nathan argues that, on January 2, 2022, the thirtieth day after the hearing on Kristi's TCPA motion to dismiss, jurisdiction under the TCPA expired.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(a).

The Supreme Court of Texas has held the TCPA does not impose a 30-day restriction on a trial court's authority to vacate a ruling on a TCPA motion to dismiss, concluding:

While the TCPA imposes myriad deadlines, no statutory provision speaks to this issue. *See id*. §§ 27.001–.011. Section 51.014 of the Civil Practice and Remedies Code constrains the trial court's authority to act on a prior ruling, but only when an interlocutory appeal is pending. Section 27.005(a) requires a timely ruling, but says nothing about a trial court's power to vacate such a ruling outside the statute's 30-day deadline. To hold that the trial court had no power to vacate the dismissal order based on new precedent, as occurred here, would require us to "judicially amend" the TCPA "by adding words that are not contained in the language of the statute." *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015). But we cannot do so because the statute's "text is the alpha and the omega of the interpretive process." *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017).

Put simply, nothing in the statutory scheme prohibits trial courts from vacating their own orders when they otherwise have plenary power to do so. Here, once the trial court vacated its February 22 order, as it had authority to do, no ruling on the dismissal motion was in place. Accordingly, the motion to dismiss was either overruled by operation of law for want of a timely ruling, *see* TEX. CIV. PRAC. & REM. CODE § 27.008(a), or denied by the trial court in a new trial. In this procedural posture, we need not consider whether the trial court's order granting a new trial restarted the trial clock and permitted a new hearing and ruling on the dismissal motion, because even if it did not, the same result ensues. Whether the trial court properly denied the defendants' TCPA motion or whether it was overruled by operation of law on vacatur of the prior order, the defendants can seek relief by interlocutory appeal as the Legislature contemplated.

*In re Panchakarla*, 602 S.W.3d 536, 540–41 (Tex. 2020) (orig. proceeding) (per curiam).

We follow *Panchakarla*'s lead, applying the rules of statutory construction:

The proper construction of a statute is a question of law we review de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). When a statute's language is unambiguous, "we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results." *TGS-NOPEC Geophysical Co. v. Combs*, 340

–10–

S.W.3d 432, 439 (Tex. 2011). "We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted." *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). We construe statutes and related provisions as a whole, not in isolation, *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001), and as a general proposition, we are hesitant to conclude that a trial court's jurisdiction is curtailed absent manifestation of legislative intent to that effect, *cf. City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009). In construing the TCPA, we are also mindful that it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions," and it must be "construed liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE § 27.011.

In TCPA cases, the Legislature has expressly constrained trial-court authority over TCPA orders in a very limited way: by making interlocutory orders denying TCPA dismissal motions immediately appealable and automatically staying all trial court proceedings until a perfected interlocutory appeal has been concluded. *See id*. § 51.014(a)(12), (b). But the TCPA is silent about a trial court's authority to reconsider either a timely issued ruling granting a TCPA motion to dismiss or a timely order denying such a motion when no interlocutory appeal is pending. Construing the statutory scheme as a whole, and giving weight to the language the Legislature included and excluded, we hold that the TCPA does not impose a 30-day restriction on a trial court's authority to vacate a ruling on a TCPA motion to dismiss.

*Id.* at 540.

In this case of first impression, we answer a question left open by *Panchakarla*: whether a trial court with authority to vacate an order when it has plenary power to do so can thereafter affirmatively rule on the TCPA motion more than 30 days after the hearing. *See* TEX. CIV. PRAC. & REM. CODE § 27.005 (court must rule not later than 30th day following date of hearing concludes). In construing the statutory language and consistent with the *Panchakarla* court's analysis, we

–11–

conclude that the trial court had no authority to grant the TCPA motion 75 days after the hearing.

The trial court retained plenary power when, by order dated February 15, 2022, it vacated its order denying Kristi's TCPA motion to dismiss. In accordance with *Panchakarla*, this put the case back in the procedural posture wherein the motion was deemed denied by operation of law. In this case, unlike *Panchakarla*, procedurally, the order vacating a denial of the TCPA motion is a distinction without a substantive difference. *See Panchakarla*, 602 S.W.3d at 541. Rather than being an express denial, the motion is deemed denied by operation of law. This presents the procedural posture of a failure to rule. *Id* at 540–41.

We must, however, address that portion of the February 15, 2022, order that granted Kristi's TCPA motion and dismissed the case. The TCPA is clear that the trial court has the authority to rule on a motion within 30 days after the hearing; otherwise it is deemed denied. To permit the trial court to grant the motion after 30 days have passed is directly contrary to the express statutory language. Section 27.005(a) requires a timely ruling, with consequences for a failure to rule, and permitting an immediate interlocutory appeal from the deemed denial. To hold that the trial court had power to rule, *i.e.* grant a motion 75 days after the hearing would require us to "judicially amend" the TCPA "by adding words that are not contained in the language of the statute." *Lippincott*, 462 S.W.3d at 508. But we cannot do so because the statute's "text is the alpha and the omega of the interpretive process."

–12–

*BankDirect Capital Fin.*, 519 S.W.3d at 86.   While the trial court has plenary power to vacate its ruling, thereby in this context putting it in the procedural posture of a deemed denial, we conclude that does not provide the concomitant power to enter an order granting a dismissal after the statutory 30-day deadline from the hearing date.[3]

We have concluded the trial court had authority to vacate the December 15, 2021 order, which had the effect of the motion to dismiss being deemed denied.  We have determined the trial court had no authority to thereafter grant the TCPA motion; therefore, we sustain Nathan's first and second issues to that extent.  In all other respects, we overrule Nathan's first and second issues.

Nathan's third issue is rendered moot by our disposition of his first issue.[4]  As no timely interlocutory appeal was taken, we address the ramifications of the deemed denial relative to the May 23, 2022, final order and the award of attorney's fees under the TCPA under Nathan's fifth issue.

---

[3] To conclude otherwise could lead to absurd results.  While the timeline on this record reflects a wholesale failure to faithfully promote the expeditious resolution under two separate dismissal proceedings, it was at least less than six months from the hearing.  Any interpretation that would permit a trial court to take affirmative action, other than to vacate a ruling after 30 days, could lead the trial court, sua sponte or at the behest of the parties, to reconsider its ruling on the eve of trial.  That is well beyond what the Legislature contemplated in its statutory construct.

[4] Nathan's third issue is whether, "alternatively, the court erred in dismissing Plaintiff['] s claims as Defendant failed and he satisfied any burdens the TCPA may have placed on them."

**Issue 5: Whether the court erred in awarding any attorney fees to Defendant pursuant to the TCPA.**

In his fifth issue, Nathan complains that the trial court erred in awarding Kristi attorney's fees under the TCPA. The TCPA requires that, "if the court orders dismissal of a legal action under this chapter, the court: (1) shall award to the moving party court costs and reasonable attorney's fees incurred in defending against the legal action." TEX. CIV. PRAC. & REM. CODE § 27.009(a)(1); *see also Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). The procedural posture after the February 15, 2022 order vacating the order to dismiss is that no ruling was signed within 30 days of the hearing; therefore, the TCPA motion was deemed denied by operation of law. As we have determined that the trial court had no authority to grant the dismissal, it concomitantly had no authority to award attorney's fees on May 23, 2022, for a motion deemed denied by operation of law, for which no interlocutory appeal was taken. We sustain Nathan's fifth issue to the extent we conclude Kristi is not entitled to attorney's fees and reverse and render judgment that Kristi take nothing on her claim for attorney's fees.[5]

> **Issue 4: Whether, alternatively, the court erred in dismissing Plaintiff's claims as Plaintiff fully satisfied the minimal, pleading obligations TRCP 91a placed on him requiring the motion be denied.**

---

[5] We note that when the court denied the motion on December 15, 2021, it was to consider an award of costs and attorney's fees at a subsequent setting. "If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(b). As the procedural posture is deemed denied by operation of law, and the record reflects no prior finding by the court that the motion was frivolous or solely intended for delay, we reverse and render as opposed to reverse and remand.

We first note that the trial court's January 18, 2022 order dismissing Nathan's causes of action under Rule 91a was not a final order because it clearly reflected the trial court's notation "NEED separate order + hearing" indicating an intention to address the issue of attorney's fees in a separate order following a hearing. *See Carroll v. Metro Off. Equip., Inc.*, No. 02-22-00087-CV, 2022 WL 1682156, at *1 (Tex. App.—Fort Worth May 26, 2022, no pet.) (mem. op.) (dismissal order under Rule 91a not final where claim for attorney's fees remained pending). A motion to dismiss under Rule 91a must be granted or denied within 45 days after the motion is filed. TEX. R. CIV. P. 91a.3(c). However, the 45-day deadline for ruling on a motion to dismiss under Rule 91a is not jurisdictional. *In re Joel Kelley Ints., Inc.*, No. 05-19-00559-CV, 2019 WL 2521725, at *1 (Tex. App.—Dallas June 19, 2019, orig. proceeding) (mem. op.).

Four months after issuing its order dismissing Nathan's causes of action under Rule 91a, the trial court entertained Kristi's request for attorney's fees and entered the May 23, 2022 order denying attorney's fees under Rule 91a and disposing of all issues. Nathan timely appealed from that order. To the extent Nathan argues the trial court lost jurisdiction to act prior to the issuance of its May 23, 2022 order as to Rule 91a dismissal, we reject his argument.

We therefore address that portion of Nathan's fourth issue in which he asserts dismissal was not warranted under Rule 91a. Texas Rule of Civil Procedure 91a

provides that a party "may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1.

In ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." *Id.* 91a.6; *see also* TEX. GOV'T CODE ANN. § 22.004(g) ("The supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. The rules shall provide that the motion to dismiss shall be granted or denied within 45 days of the filing of the motion to dismiss."). We review de novo a trial court's ruling on a Rule 91a motion to dismiss. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020).

Nathan argues the trial court erred in granting the Rule 91a motion because he "satisfied all notice, pleading and legal burden(s)" asserting three causes of action: intentional infliction of emotional distress, invasion of privacy by intrusion upon seclusion, and invasion of privacy by public disclosure of private facts. In averring that the trial court properly dismissed Nathan's claims under Rule 91a, Kristi does not challenge the existence of each of the causes of action under Texas law; rather, Kristi challenges the factual allegations as pled as failing to satisfy one element of each cause of action and asserts "the allegations taken as true affirmatively demonstrate that [Nathan's] claims have no basis in law." In doing so, Kristi conflates the grounds for obtaining dismissal under Rule 91a with the grounds

for granting a motion for summary judgment, and we decline to follow Kristi's reasoning in this regard.

Rule 91a provides a harsh remedy and should be strictly construed. *Davis v Homeowners of Am. Ins. Co*., No. 05-21-00092-CV, 2023 WL 3735115 at *2 (Tex. App.—Dallas May 31, 2023, no pet.) (mem. op.); *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.); *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex. App.—Dallas June 11, 2018, orig. proceeding) (mem. op.). Rule 91a is not a substitute for special exception practice under rule 91 or summary judgment practice under rule 166a, both of which come with protective features against precipitate summary dispositions on the merits. *Royale v. Knightvest Mgmt., LLC*, No. 05-18-00908-CV, 2019 WL 4126600, at *4 (Tex. App.—Dallas Aug. 30, 2019, no pet.) (mem. op.).

A cause of action has no basis in fact "if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. The "no basis in fact" prong of Rule 91a.1 relates to the believability of the facts alleged by a plaintiff in pleading a cause of action and, thus, seldom rises to a point of contention in the case law. The "no basis in fact" prong is a "factual plausibility standard." *Sanchez*, 494 S.W.3d at 724; *Davis*, 2023 WL 3735115, at *2. A cause of action alleged by a claimant has no basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P.

91a.1. In assessing whether the non-movant's pleading has no basis in law, we apply a fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. *Thomas v. 462 Thomas Fam. Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied); *Davis*, 2023 WL 3735115, at *3. A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. *Thomas*, 559 S.W.3d at 639–40. "Even the omission of an element is not fatal if the cause of action may be reasonably inferred from what is specifically stated." *Id.* at 640 (quoting *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding)).

We limit our review to the four corners of the live pleading, the First Amended Petition, and the exhibits attached thereto. *See* TEX. R. CIV. P. 91a.6. A de novo, four-corners review shows that all of Nathan's causes of action have a basis in law as well as a basis in fact. Specifically, a claim for intentional infliction of emotional distress has four elements: (1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017). Kristi challenges element number two, averring that Nathan cannot meet the high standard for extreme and outrageous conduct. To establish an actionable invasion of privacy of the type Nathan alleges—intrusion upon seclusion—a plaintiff must show (1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which

–18–

(2) would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993); *Moore v. Bushman*, 559 S.W.3d 645, 649 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Kristi challenges the first element asserting Nathan's failure to articulate in what manner Kristi accessed his "private data" whether by physical invasion or otherwise. Finally, a plaintiff alleging public disclosure of private facts must show (1) publicity was given to matters concerning his private life; (2) the publication of such matter would be highly offensive to a reasonable person of ordinary sensibilities; and (3) the matter publicized is not of legitimate public concern. *Indus. Found. of the S. v. Tex. Indus. Acc. Bd.*, 540 S.W.2d 668, 682–83 (Tex. 1976); *Robinson v. Brannon,* 313 S.W.3d 860, 867 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Kristi challenges the third element, asserting that criminal matters are of public record and therefore a matter of legitimate public concern.

We agree with Nathan that, on this record, he satisfied the fair notice standard of his claims and allegations and satisfied the basis-in-fact component. Kristi's single element challenge does not overcome the factual plausibility standard, and, upon reviewing the live pleading, we conclude it is possible a reasonable person could believe the facts as pleaded. Further, Nathan's causes of action do not meet the two circumstances wherein a court may determine there is no basis in law under Rule 91a: (1) where the plaintiff fails to plead a legally cognizable cause of action or (2) where the allegations in the plaintiff's own pleading establish a complete legal

–19–

bar to the plaintiff's claims by affirmatively negating entitlement to the relief requested. *See Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). Kristi's single element challenge does not implicate either circumstance. As Nathan's causes of action each had a basis in fact and law, we conclude his claims were therefore improperly dismissed under Rule 91a. *See* TEX. R. CIV. P. 91a.1. We sustain Nathan's fourth issue to the extent he asserts dismissal was not warranted under Rule 91a.

We reverse the trial court's judgment dismissing Nathan's claims under the TCPA and Rule 91a and awarding attorney's fees under the TCPA, render judgment that Kristi take nothing on her claims under the TCPA, and remand for further proceedings consistent with this opinion.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220589F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

NATHAN LONG, Appellant

No. 05-22-00589-CV     V.

DR. KRISTI LARSON LONG,
Appellee

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-21-03491-
E.

Opinion delivered by Justice
Goldstein. Justices Pedersen, III and
Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court dismissing Nathan Long's claims under the TCPA and Rule 91a and awarding attorney's fees under the TCPA is **REVERSED**, and judgment is **RENDERED** that Dr. Kristi Larson Long take nothing on her claims under the TCPA. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant NATHAN LONG recover his costs of this appeal from appellee DR. KRISTI LARSON LONG.

Judgment entered this 29th day of November 2023.